# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:07-cr-107-Orl-28GJK**

**MIGUEL ANTONIO MONTES, RICARDO ORTIZ,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the *Garcia* hearing held on February 22, 2008. This case involves a five count indictment dated July 12, 2007 alleging a broad drug distribution conspiracy involving cocaine, in which narcotics were sent by mail from Puerto Rico to Orange and Osceola Counties, Florida. The Government alleges Miguel Antonio Montes ("Montes") was a principal in the conspiracy and that Ricardo Ortiz ("Ortiz") was a customer of Montes who obtained cocaine from Montes with intent to distribute.  Montes is named in all counts of the indictment and Ortiz is only named in Count I of the First Superseding Indictment, alleging possession with intent to distribute five kilograms or more of cocaine.  Since the inception of this case, Ortiz has been represented by Lorenzo Palomares ("Palomares").  Montes is currently represented by Mark Fromang ("Fromang").

    On or about October 26, 2007, Montes entered a guilty plea with respect to all counts.  Montes does not have a plea agreement. On or about October 31, 2007, Ortiz entered into a written plea agreement with respect to Count I of the First Superseding Indictment. Both Defendants are facing

serious charges, but they appear to have had very different roles in the conduct alleged and the penalties Montes is facing are more severe than those Ortiz faces.

On February 1, 2008, the Court held a sentencing hearing as to Ortiz. At that time, the Assistant U.S. Attorney, Bruce Ambrose ("Ambrose"), expressed concern that counsel for Ortiz may have a conflict of interest because he may be simultaneously representing Montes. Palomares has not filed a notice of appearance as counsel for Montes in this case. On February 1, 2008, the Court entered an order referring the case to the Magistrate Judge for a determination as to whether a conflict of interest exists and, if so, what action should be taken. Doc. No. 847.

On February 22, 2008, the Magistrate Judge held a *Garcia* hearing. *U.S. v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), *abrogated on other grounds by Flanigan v. U.S.*, 465 U.S. 259, 263 & n. 2 (1984). At that hearing, Ortiz and Montes (collectively, the "Defendants") and their respective counsel represented that Palomares's only client in this case is Ortiz. Montes and Palomares stated that Palomares has never represented Montes with respect to this case. Palomares explained that his representation of Montes is limited to a related investigation in Puerto Rico (the "Investigation"). All parties represented that the attorney-client relationship between Palomares and Montes did not arise until after the Defendants entered their guilty pleas in this case. Thus, there was no actual or potential conflict of interest at the time the Defendants entered their guilty pleas (collectively, the "Pleas"). Palomares stated that the Investigation is factually related to this case because it involves the presence of cocaine in Puerto Rico, and some of that cocaine is the very same contraband at issue in this case.

Although Palomares does not represent both Defendants in this particular case, his representation of Montes in regard to the Investigation and his representation of Ortiz in this case, presents a substantial potential for a conflict of interest to arise. At the present time, the Government does not anticipate

calling Ortiz in regard to the sentencing of Montes, or vice versa. However, the Government reserves the right to do so.

At the hearing, the Defendants were each advised of their Sixth Amendment right to representation free from any conflict of interest, as well as the many possible hazards of proceeding with counsel who has an actual or potential conflict of interest. *Wheat v. U.S.*, 486 U.S. 153 (1988). Montes is represented by independent counsel, Fromang, who has conferred with his client before the hearing, and at the hearing, about the hazards of waiving the potential conflict of interest at issue. Nevertheless, Montes agreed to Palomares representing Ortiz in this case. Ortiz was urged to confer with independent counsel and Court appointed counsel was present to do so. However, Ortiz refused that offer and maintained he was willing to waive the potential conflict of interest.

Under *Wheat v. U.S.*, 486 U.S. 153 (1988), there is a rebuttable presumption that the Defendants have a right to chose their counsel. The presumption in favor of the client's right to choose their counsel may be overcome by showing either an actual conflict of interest or a serious potential for conflict. *Id*. at 164. The District Court has substantial discretion in deciding whether to allow a waiver of conflict when an actual or serious potential for conflict exists. *Id.* At the hearing, Ortiz signed a written waiver of conflict and Montes agreed to provide a written waiver of conflict by the close of business on Wednesday, February 27, 2008.

Based on the foregoing, the Magistrate Judge indicated a report and recommendation would be entered recommending that the Defendants' waiver of conflict be accepted by the Court. Following the hearing, Palomares filed a Motion to Withdraw as Counsel of Record and Motion for Appointment of CJA Counsel (the "Motion"). Docket No. 907. The Motion states that, the next business day after the *Garcia* hearing, Ortiz informed Palomares he would like Palomares to withdraw as his counsel and to

have counsel appointed for him pursuant to the Criminal Justice Act of 1964 ("CJA") because he can not afford counsel. *Id.* The Motion was granted on February 26, 2008. Doc. No. 919.

Based on the foregoing, it is **RECOMMENDED** that the Court find there was no conflict of interest at the time the Defendants entered their guilty pleas. All other issues regarding a potential conflict are now moot due to the granting of Ortiz's Motion.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 26, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to All Counsel of Record and
to the Honorable John Antoon II