UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              CASE NO. 6:07-cr-107-Orl-28GJK

MARIA ADAMES,

    Defendant.

_____/

## ORDER

This case is before the Court on Defendant's Motion for Relief (Doc. No. 1460) brought to Federal Rule of Criminal Procedure 60(b)(6).

Initially, the Court notes that the judgement of conviction and sentence imposed upon Defendant, Maria Adames, was entered on May 27, 2008 (Doc. No. 1119). Ms. Adames, was sentenced to a 134-month term of imprisonment, followed by a five-year term of supervised release. Ms. Adames then filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed on December 15, 2009. See Doc. No. 1369. Ms. Adames also filed a motion to vacate, set aside, or correct sentence pursuant to § 2255, which was denied on the merits on March 15, 1012. See Doc. No. 1444. Ms. Adames did not appeal the denial.

The Government filed a reply (Doc. No. 1464) to the instant motion, and the Court

entered an Order on February 6, 2013, requiring Ms. Adames to show cause why this case should not be treated as a petition under § 2255 (Doc. No. 1463). Alternatively, Ms. Adames was permitted to withdraw her motion or amend it. Ms. Adames filed a response, alleging that her motion should not be treated as a § 2255 motion because of the decisions entered in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012) (Doc. No. 1465).[1] She contends that those decisions are retroactive.

The Court finds that Ms. Adames' claims raised in the present motion are merely an attempt to assert claims of error relating to her sentence. The Court further notes that the Eleventh Circuit Court of Appeals has held that neither *Lafler* nor *Frye* announced a newly recognized right that was made retroactively applicable to cases on collateral review. *See In re Perez*, 682 F.3d 930, 932 (11th Cir. 2012)

Under the circumstances, the present motion should be treated as a second or successive § 2255 motion. *Cf. United States v. Terrell*, 141 F. App'x 849, 851 (11th Cir. 2005) (concluding that a Rule 60(b) motion, which asserted claims that were new substantive claims and which had not been presented in the initial § 2255 motion, was properly treated as a successive § 2255 motion). Before Ms. Adames will be permitted to file a second or successive section 2255 motion in this Court, she must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244, 2255.

---

[1] In both *Frye* and *Lafler*, the Supreme Court clarified that the Sixth Amendment right to effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 686 (19884), extends to the negotiation and consideration of plea offers that lapse or are rejected.

Accordingly, it is **ORDERED** Defendant's Motion for Relief (Doc. No. 1460) is **DENIED** without prejudice.

**DONE AND ORDERED** in Orlando, Florida, this 26 day of February, 2013.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 2/26
Counsel of Record
Maria Adames