UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.

LUIS GONZALEZ                                             Case No:  6:07-cr-107-Orl-28GJK

REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** APPLICATION TO APPEAL IN FORMA PAUPERIS (Doc. No. 1662)
>
> **FILED:** November 17, 2016
>
> **THEREON** it is **RECOMMENDED** that the application be **DENIED**.

## I.    FACTUAL BACKGROUND

On June 12, 2007, a criminal complaint was filed against Defendant. Doc. No. 1. On July 3, 2007, Defendant's Court-appointed counsel appeared in the case. Doc. No. 184. On April 3, 2008, this Court sentenced Defendant to 180 months for the offense of Conspiracy to Possess with Intent to Distribute Five Kilograms or More of Cocaine. Doc. No. 1034. On October 6, 2015, Defendant's counsel notified the court that he "will not be filing a Motion for Sentence Reduction under Amendment 782 on behalf of [Defendant]." Doc. No. 1622 at 1. Defendant's counsel notes that he could not argue such a motion in good faith "because [Amendment 782] does not have the effect of lowering Defendant's base offense level." *Id.* On June 6, 2016, Defendant, proceeding

*pro se*, filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 (the "Motion for Reduction"). Doc. No. 1642. In the Motion for Reduction, Defendant also argued that the case should be dismissed due to "lack of personam and subject-matter jurisdiction" *Id.* at 10. On August 19, 2016, the Court denied the Motion for Reduction. Doc No. 1655. In the Order denying the Motion for Reduction, the Court noted that Defendant "is ineligible for reduction of his sentence pursuant to Amendment 782, because the amendment does not impact the offense level imposed." *Id.* On September 12, 2016, Defendant filed a Motion to Compel Ruling (the "Motion to Compel"), requesting that the Court rule that it was without jurisdiction. Doc. No. 1656. On October 28, 2016, the Court denied the Motion to Compel. Doc. No. 1660.[1]

On November 17, 2016, Defendant filed a notice appealing the Court's October 28, 2016 Order (the "Notice of Appeal"). In the Notice of Appeal, Defendant alleges that the Court failed to consider the Government's violation of Defendant's due process rights. Doc. No. 1661 at 1. On the same day, Defendant filed an Application to Appeal *In Forma Pauperis* (the "Application"). Doc. No. 1662.

II.  **LEGAL BACKGROUND**

The United States Congress has required that the district court review applications filed *in forma pauperis* and dismiss any such application that is frivolous, malicious, or fails to state a claim. *See* 28 U.S.C. § 1915. The mandatory language of 28 U.S.C. § 1915 applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --

---

[1] Specifically, the Court held: "To the extent [the Motion to Compel] seeks reconsideration of the Court's ruling denying [the Motion for Reduction], the motion is denied. The motion is also denied to the extent it argues the court was without jurisdiction." Doc. No. 1660 at 1.

> (i)  is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (2006) (formerly § 1915 (d)).[2] Finally, a party may not take an appeal *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915 (a)(3).

If an appeal is taken, the Federal Rules of Appellate Procedure also govern appeals taken *in forma pauperis*. Federal Rule of Appellate Procedure 24(a)(3) allows for a party to appeal *in forma pauperis* without further authorization if that party has obtained prior approval from the District Court. Fed. R. App. P. 24(a)(3). Specifically, the Rule provides:

> (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>>
>> (B) a statute provides otherwise.

Fed. R. App. P. 24(a)(3)(A)–(B). Thus, "two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis*: (1) the party must show an inability to pay (or that the party previously was permitted to proceed *in forma pauperis*), and (2) the appeal must be brought in

---

[2] The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07.

good faith. *United States v. Grey*, No: 8:08-cr-284-T-17TBM-1, 2016 WL 3880996, at *2 (M.D. Fla. June 15, 2016).

### III.   ANALYSIS

On July 3, 2007, attorney Roger Weeden filed a Praecipe for Appearance (the "Notice of Appearance"). Doc. No. 184. In the Notice of Appearance, Mr. Weeden accepted the Court-ordered appointment to represent Defendant. *Id.* Thus, the Court had previously determined that Defendant is indigent and appointed counsel pursuant to the Criminal Justice Act, 18 U.S.C. §3006A. Accordingly, Defendant has satisfied the first step in prosecuting an appeal *in forma pauperis.*

While the Court's appointment of counsel evidences Defendant's inability to pay the filing fee, the Application should be denied. Even construed liberally,[3] the Court finds that Defendant's appeal is frivolous and not brought in good faith.[4] Eight years after sentencing, Defendant now presents arguments pertaining to the handling of his case. In the Motion for Reduction and Notice of Appeal, Defendant appears to argue that his due process rights were violated due to ineffective counsel. Doc. No. 1642-1 at 1-3; Doc. No. 1661.

To succeed on an ineffective assistance of counsel claim, Defendant must meet the requirements established by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Eleventh Circuit, in *Sims v. Singletary*, adopted the *Strickland* requirements:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In [*Strickland*], the Supreme Court set forth a two-pronged test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must

---

[3] The Court should liberally construe pro se pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

[4] Good faith is demonstrated by seeking appellate review of any issue that is not frivolous when judged under an objective standard. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Busch v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

> show that counsel's performance was deficient. <u>This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.</u> Second, the defendant must show that the deficient performance prejudiced the defense. <u>This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial</u>, a trial whose result is reliable.

*Sims v. Singletary,* 155 F.3d 1297, 1305 (11th Cir. 1998) (internal citations omitted) (emphases added). Furthermore, the Court must "indulge [the] strong presumption" that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 689-90. Because of this presumption of reasonableness, "the [*Strickland*] test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (internal citations omitted).

      The essence of Defendant's appeal is found in the Motion for Reduction. Doc. No. 1642-1. In it, Defendant states that his counsel was "prejudice and biased" because he refused to file a motion for sentence reduction. *Id.* at 1. Defendant further states that his counsel informed the Court that "he or she could not argue [such a motion] in good faith." *Id.* Because of this behavior, Defendant argues that his counsel "entirely passed over and ignored the [Sixth] Amendment of the U.S. Constitution and made absolutely no effort or argument to assist the Defendant." *Id.* Assuming (for the purposes of the Application) that the above-stated facts are true, such facts do not pass the *Strickland* test. The United States Supreme Court has held that "a defendant must overcome the presumption that, under the circumstances, the challenged action of counsel might be considered sound trial strategy." *Darden v. Wainwright*, 477 U.S. 168, 186, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). Here, Defendant's counsel noted that he "cannot argue in good faith the

Defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines because the amendment <u>does not have the effect of lowering Defendant's base offense level</u>." Doc. No. 1622 at 2 (emphasis added). The Court noted the same when it denied the Motion for Reduction. Doc. No. 1655 (noting that Defendant "is ineligible for reduction of his sentence pursuant to Amendment 782, because the amendment does not impact the offense level imposed"). Thus, Defendant's counsel engaged in "sound trial strategy" by avoiding frivolous litigation. Furthermore, Defendant fails to meet the second prong of the *Strickland* test, as it appears that Defendant was not prejudiced by his counsel's decision. Had his counsel moved the Court for a sentence reduction, the motion would have likely been denied because Defendant's sentence could not have been reduced under the aforementioned statutes. *Id.* Thus, because Defendant does not have a cognizable claim for ineffective assistance of counsel, Defendant has failed to provide a good faith basis for his appeal.

     For the foregoing reasons, it is **RECOMMENDED** that:

1. The Court **DENY** the Application (Doc. No. 1662); and
2. The Court certify that the appeal is not taken in good faith; and
3. Direct the Clerk to notify the Eleventh Circuit Court of Appeals of the above ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

**DONE** and **ORDERED** in Orlando, Florida on December 14, 2016.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE